No. 23-11027

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

JOSE J. AYALA, JR. and JEFF SANTOS, on behalf of themselves and as
representatives of other class members similarly situated,

*Plaintiff-Appellants*
v.

NISSAN NORTH AMERICA, INC. D/B/A NISSAN USA, a California
corporation, and wholly owned subsidiary of Nissan Motor Company of
Japan,

*Defendant-Appellees*

Appeal from the United States District Court for the Middle District of Florida

No. 6:20-cv-01625-RBD-GJK

## APPELLANTS' REPLY BRIEF

Kevin K. Ross-Andino, Esq.
Jolynn M. Falto, Esq.

éclat Law, P.A.
307 Cranes Roost Blvd.,
Suite # 2010
Altamonte Springs, Florida 32701
Telephone: (407) 636-7004
*Attorneys for Appellants*

**Jose J. Ayala Jr. v. Nissan USA**

**Certificate of Interested Persons and Corporate Disclosure Statement**

Counsel for Plaintiff-Appellants certify, pursuant to Federal Rule of Appellant Procedures 26.1 and the Eleventh Circuit Rule 26.1-1, that the following may have an interest in the outcome of this case:

Ayala, Jose J., Jr. (Plaintiff-Appellants)

Baker, David A. (U.S. Magistrate Judge)

Barber, Kathryn (Counsel for Appellee)

Brice, Thomas R. (Co-Counsel for Defendant-Appellee)

Cadenas Mesa, Santiago (Opt-In Plaintiff-Appellants)

Christiansen, Edwin (Opt-In Plaintiff-Appellants)

Dalton, Roy B., Jr. (U.S. District Court Judge for the Middle District of Florida)

Daniel, Bret G. (Counsel for Defendant-Appellee)

éclat Law, P.A. (Counsel for Plaintiff-Appellants)

Falto, Jolynn M. (Counsel for Plaintiff-Appellants)

Farley, Peter N. (Co-Counsel for Defendant-Appellee)

Fitzgerald, Matthew Allen (Counsel for Defendant-Appellee)

FordHarrison, LLP (Counsel for Defendant-Appellee)

**No. 23-11027**

Hudson, Nicola J. (Counsel for Plaintiff-Appellants)

Levitt, Mark E. (Counsel for Defendant-Appellee)

Lopez Palafox, Crisol (Counsel for Plaintiff-Appellants)

McGuire Woods, LLP (Co-Counsel for Defendant-Appellee)

Michalik, Christopher M. (Counsel for Defendant-Appellee)

Nissan Motor Company (NSANY)

Nissan North America, Inc. d/b/a Nissan USA (Defendant-Appellee)

Norway, Robert M. (U.S. Magistrate Judge)

Ross-Andino, Kevin K. (Counsel for Plaintiff-Appellants)

Santos, Jeff (Plaintiff-Appellants)

Serrano, Sergio (Opt-In Plaintiff-Appellants)

Wright, Andre (Opt-In Plaintiff-Appellants)

# Table of Contents

**Page**

Certificate of Interested Persons and Corporate Disclosure Statement..........C-2

Table of Contents………………………………………...……………….............i

Table of Citations…………………………………………………..……….....iii

Argument………………………………………….…………………….…1

    A.    THE DISTRICT COURT ERRED WHEN IT GRANTED NISSAN'S MOTION FOR SUMMARY JUDGMENT……........1

        1.    Genuine issues of material fact and the Joint Employer inquiry.............................................................................1

        2.    Mixed issues of law and fact were presented by the Technicians and as such, the Motion for Summary Judgment should have been denied. .................................................3

        3.    The District Court failed to review all record evidence by omitting key documents that would have altered its findings as such evidenced revealed disputed issues of fact………….5

        4.    The Court inappropriately weighed the evidence……………9

    B.    THE DISTRICT COURT ERRED BY GRANTING SUMMARY JUDGMENT ON THE UNJUST ENRICHMENT CLAIM…………………………………………….......................12

    C.    THE DISTRICT COURT ERRED WHEN IT DENIED THE TECHNICIANS' MOTIONS FOR CLASS CERTIFICATION IN A SINGLE FOOTNOTE WITHOUT A SEPARATE ANALYSIS……………………………………………..14

Signature Page............................................................................................16

i

Certificate of Compliance.................................................................17

Certificate of Service.....................................................................18

# Table of Citations

**Cases**                                                                 **Page(s)**

*Antenor v. D & S Farms*,
        88 F. 3d 925, 929 (11th Cir. 1996)…………………………………….2,7

*Bradshaw v. Reliance Std. Life Ins. Co.*,
        707 Fed. Appx. 599, 605 (11th Cir. 2017)………………………..13

*\*Dugandzic v. Nike, Inc.*,
        807 Fed. Appx. 971, 977 (11th Cir. 2020)………………………10,11

*Juris v. Inamed Corp.*,
        685 F.3d 1294, 1324 (11th Cir. 2012)……………………………13

*Martinez-Mendoza v. Champion Int'l Corp.*,
        340 F.3d 1200, 1215 (11th Cir. 2003)…………………………14, 15

*\*Moore v. GEICO Gen. Ins. Co.*,
        633 Fed. Appx. 924, 927 (11th Cir. 2016)………12, 13, 14

*Patel v. Wargo*,
        803 F.2d 632, 634 (11th Cir. 1986)…………………………………8

*SEC v. BankAtlantic Bancorp, Inc.*,
        661 Fed. Appx. 629, 636 (11th Cir. 2016)……………………8, 12

*Strickland v. Norfolk S. Ry. Co.*,
        692 F.3d 1151, 1154 (11th Cir. 2012)………………………………8

*Thomas v. Waste Pro USA, Inc.*,
        No. 8:17-cv-2254-T-36CPT, 2019 U.S. Dist. LEXIS 169336,
        (M.D. Fla. Sep. 30, 2019)……………………………………5, 7

*Toland v. Phoenix Ins. Co.*,
        855 Fed. Appx. 474, 480 (11th Cir. 2021)………………………6

## A. THE DISTRICT COURT ERRED WHEN IT GRANTED NISSAN'S MOTION FOR SUMMARY JUDGMENT.

The District Court erred when it granted Nissan's Renewed Motion for Summary Judgment and in doing so, disregarded admissible evidence, inappropriately weighed evidence, and made credibility determinations, despite overt genuine issues of material fact. Nissan attempts to brush off the District Court's omission of disputed evidence and improper weighing of the same as the "weighing" of the joint employment factors. [DE-32*, pg. 16[1]].

Nissan alleges that there are no disputed material facts for each joint employment factor (essentially re-litigating their Renewed Motion for Summary Judgment) and that the Court assessed all the "undisputed" facts to decide whether each joint employment factor weighed for or against joint employment. [DE-32*, pgs. 16-17]. Nissan's assertions are flawed as follows.

### 1. Genuine issues of material fact and the Joint Employer inquiry.

It is well established that when reviewing a summary judgment motion in favor of the defendant on the issue of joint employment, the Court "*must [1] determine whether there are genuine issues of material fact, and [2] if not,*

---

[1] All references to the record herein utilize the page number that appears in the header generated by the District Court's electronic filing system. However, the Technicians' Opening Brief is referenced as [DE-24*] and Nissan's Answering Brief is referenced as [DE-32*].

whether the defendants were entitled to judgment on the question of joint employment as a matter of law. *Thomas v. Waste Pro USA, Inc.*, No. 8:17-cv-2254-T-36CPT, 2019 U.S. Dist. LEXIS 169336 at *21 (M.D. Fla. Sep. 30, 2019) (quoting *Antenor v. D & S Farms*, 88 F. 3d 925, 929 (11th Cir. 1996)). Issues of fact are "genuine only if a reasonable jury, considering the evidence present, could find for the nonmoving party," and a fact is "material" if it may affect the outcome of the suit under governing law. *Id.* at *15.

The District Court arrived at its conclusion as to joint employment without determining (or even mentioning) whether there were genuine issues of material fact (there are). Again, a Court must first "determine whether there are genuine issues of material fact". The Order is unfortunately devoid of any such information indicating whether such standards were followed; the record evidence demonstrates that the Court did not engage in this analysis as it disregarded critical evidence (i.e. the APRM and the Dealer Agreement). The interpretation and effect of these documents were contested by the parties.

Nissan deflects from this first requirement by concluding that there are no genuine issues of material fact and that the Court "considered" the Technicians' evidence but "simply found [it] unavailing". [DE-32*, pgs. 16-20]. While Nissan may wish to disregard the Technicians' evidence with one broad stroke,

2

the standard is not whether the Court finds the nonmoving party's evidence to be unavailing, or ineffective—in fact, doing the same would be a weighing of the evidence. The standard is: viewing all the evidence in the light most favorable to the nonmoving party and resolving all reasonable doubts in favor of the nonmoving party, if minds might differ on the inferences arising from the facts, then a court should deny summary judgment. *Toland v. Phoenix Ins. Co.*, 855 Fed. Appx. 474, 480 (11th Cir. 2021). The Court **must** first determine whether there are genuine issues of material fact. *Id.* Then ***and only*** then, may the Court determine whether Nissan was entitled to judgment on the question of joint employment (if no disputed facts exist). *Id.* Here, unfortunately, the District Court's Order is devoid of this standard analysis.

**2. Mixed issues of law and fact were presented by the Technicians and as such, the Motion for Summary Judgment should have been denied.**

The Technicians asserted that there are issues of disputed facts and that as such, when the issues are a "mixed bag" of facts and law, the issue must be presented to a jury for consideration. Consistent with the standards set by *Thomas v. Waste Pro USA, Inc.* and *Antenor v. D & S Farms*, where issues of fact exist within the joint employer inquiry, they must be resolved by a jury.

> For example...the Court denied a motion for summary judgment as to joint employer status because of issues of fact on the matter and concluded that in such circumstances "employment status becomes a mixed issue of

> law and fact to be resolved by a jury, assuming one has been properly
> demanded . . . ." *Id.*

*Thomas*, 2019 U.S. Dist. LEXIS 169336 at *21-22. Disputed facts have been

raised by the Technicians, especially regarding the APRM and Dealer

Agreement. The Technicians asserted that the APRM is a manual that

demonstrates Nissan's heavy involvement and control as a joint employer. [DE-

24*, pg. 25]. Nissan claims it is simply a guideline to dealerships for warranty

claims. [DE-161, pg. 10]. The issue as to whether the APRM is merely a

"guideline" to dealerships for warranty claims or whether its text demonstrates

the various control requirements indicative of a joint employer relationship is a

question of fact for jury consideration. The issue is not whether the APRM *exists*

as suggested by Nissan; there is instead an issue of fact as to the interpretation

and contents of the APRM as the Technicians contend that the APRM illustrates

vast control over the Technicians (amongst other things) that heavily weigh in

their favor.[2] [DE-24*, pg. 25; DE-153-4, pg. 3]. These disputes are factual in

nature and the District Court made no ruling on findings of fact in relation to

the APRM or the Dealer Agreement.[3] Moreover, if we simply accept that the

---

[2] To be discussed in further detail in the forthcoming sections below.

[3] Nissan makes reference to *Patel v. Wargo*, 803 F.2d 632, 634 (11th Cir. 1986), to state that "individual findings of fact" that lead "to that legal determination" are subject to the "clearly erroneous" standard. [DE-32*, pg. 16]. This case and standard and inapplicable (and it does not appear it was applied by Nissan either) because the District Court failed to make clear determinations as to the individual findings of fact within its Order.

District Court found the APRM and Dealers Agreement "unavailing" to the extent neither document was referenced or cited in the Order—then the Court would have *weighed* this evidence to determine the evidence was "of no use".

3. **The District Court failed to review all record evidence by omitting key documents that would have altered its findings as such evidence revealed disputed issues of fact.**

When reviewing a motion for summary judgment, the court **must** consider **all** evidence in the record and can only grant summary judgment if everything in the record demonstrates that no genuine issue of material fact exists. *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012). Even if a district court does not find the nonmoving party's evidence "compelling", it nevertheless **must** credit information that contradicts its "key factual conclusion". *SEC v. BankAtlantic Bancorp, Inc.*, 661 Fed. Appx. 629, 636 (11th Cir. 2016). Otherwise, it partakes in a weighing of the evidence. *Id.*

Here, Nissan acknowledges that the Court "did not expressly name" the Technicians' evidence in its written decision. [DE-32*, pg. 17]. Notably, the Technicians referenced and relied on the APRM in pages, 4, 5, 13, and 14 of their Response in Opposition to Nissan's Motion for Summary Judgment. *See* [DE-169]. They also relied on the APRM in their FLSA Collective Action

Motion on pages 2, 9, 10, 11, 12, 13, 14, 15, 16, 17, 20, 21. *See* [DE-153].[4] Despite the District Court ***never*** referencing the APRM in its nine (9) page Order and the Technicians' heavy reliance and references to the APRM alone, Nissan makes an attenuated argument that the Court did "evaluate" the APRM when the District Court cited to a few pages of Nissan's Corporate Representative Deposition Transcript. [DE-32*, pg. 18]. Nissan also claims the District Court "plainly evaluated" the APRM because it cited pages 13-16 of the Technicians' FLSA Collective Action Motion and page 13 of the Response to the Summary Judgment. [DE-32*, pgs. 17-18; DE-194, pg. 6].

In essence, Nissan expects the Technicians and this Honorable Court to infer and assume that simply because the District Court cited to a few pages of the Technicians' motions or responses, then it must have "evaluated" the evidence Technicians contend was omitted. However, this is simply not so; the District Court did not "credit" the information, as required, therefore ignoring genuine issues of material fact, particularly as Nissan asserts that these key documents are "mere guidelines". [DE-153-4, pg. 3].

---

[4] Within this section, to avoid waste of valuable judicial resources and to avoid over-encumbering the docket, the Technicians have referred to the various page citations to their Response to the Motion for Summary Judgement and the two Motions for Certification which provide substantial references to pin citations of the APRM, the Dealer Agreement, and other documents they contend were omitted and not considered by the District Court.

For example, the Technicians discussed the APRM as support for their claim that Nissan controls the terms and conditions of employment—a disputed genuine issue of material fact. [DE-47-1, pgs. 5-7]. The Technicians also rely on the APRM to demonstrate that Nissan is directly involved in the Technicians' employment. [DE-153-4, pg. 3; DE-40-1, pg. 25; DE-47-1, pg. 7]. The Technicians raised issues with language in the APRM demonstrating Nissan's involvement with their payroll, wages, pay rates, and methods of compensation, which further created genuine issues of material fact. [DE-40-1, pg. 4]. The APRM also demonstrates Nissan's requirements for the technicians and consequences to their flat-rate earnings should the Technicians be non-compliant with the requirements. [DE-47-1, pg. 7]. The Technicians also relied on the APRM to demonstrate benefits conferred on Nissan by the Technicians. [DE-153-4, pg. 66, DE-40-1, pgs. 4, 21].

Similarly, the Technicians relied on the Dealer Agreement in pages 14, 15, 16, 17, 18, 20 of their Response in Opposition to Nissan's Motion for Summary Judgment. *See* [DE-169]. They also relied on it in their FLSA Collective Action Motion on pages 3, 13, 17, 19, and 20. *See* [DE-153]. Nissan alleges that the District Court "evaluated" the Dealer Agreement when it cited to a single page from the Technicians' Response to the Motion for Summary

Judgment. Again, Nissan assumes that simply because the Court referenced a page in a Motion, the Court must have "evaluated" the Dealer Agreement.

The Technicians also heavily relied on the Dealer agreement to support their assertion that Nissan's control is so invasive it affects everything from the types of accounting systems its dealerships use, to the consequences of failing to comply with obligations. [DE-153-6, pgs. 5, 14-16, 24]. The Technicians also relied on language in the Dealer Agreement demonstrating that Nissan is not a mere "arms-length" manufacturer - another genuine issue of material fact directly affecting Nissans' status as a joint employer. [DE-153-6, pgs. 5-11]. The Dealer Agreement demonstrated that Nissan has more than minimal oversight over the Technicians and indeed demands educational, management and technical training, other issues of fact related to the joint employer issue. [DE-153-6, pgs. 9-11]. The Dealer Agreement demonstrated Nissan's control and involvement in training, procedures, and requirements of technicians (and other employees) integral to its business. [DE-153-6, pgs. 5, 11]. The Dealer Agreement also delineated Nissan's requirement that dealers comply with labor laws and its provisions related to liabilities surrounding labor law violations—factor six of the joint employment analysis. [DE-153-6, pg. 11].

Finally, the mere fact that the District Court cited to other documents, like the Corporate Representative deposition, is also not an indication that the District Court examined the Technicians' refuted evidence (especially the APRM and Dealer Agreement). Therefore, the District Court committed reversible error and the case must be remanded for further proceedings.

**4. The Court inappropriately weighed the evidence.**

Nissan alleges the District Court did not inappropriately weigh or omit the evidence - but that instead, the Court simply found the Technicians' evidence to be "unavailing". [DE-32*, pg. 20]. Nissan claims the Court did not resolve disputes because "there were none to resolve". [DE-32*, pg. 20]

Nissan argues that the Court did not weigh the evidence because "everyone agreed that those documents existed" and the parties "simply disagreed" about their contents (i.e. "whether those documents showed the necessary control...". [DE-32*, pg. 20]. However, "disagreements" about the contents of the documents is precisely the type of disputed fact that must go to a jury. Here, Nissan seems to completely disregard the well-established standard—when the nonmoving party presents enough evidence beyond conclusory statements, the court has an ***obligation*** to submit the case to a jury. *SEC*, 661 Fed. Appx. at 635. The Court cannot simply ignore evidence or

9

*implicitly* determine that it is not credible. *Moore v. GEICO Gen. Ins. Co.*, 633 Fed. Appx. 924, 930 (11th Cir. 2016). As demonstrated in *Moore v. GEICO Gen. Ins. Co.*, this Honorable Court has reversed summary judgment rulings when it was unable to evaluate whether the relevant evidence raised a genuine issue of material fact *because the District Court omitted from its opinion any reference whatsoever to certain evidence. Id.* at 931.

Here, Nissan concludes that the District Court did not weigh the evidence since "everyone agreed that those documents existed." [DE-32*, pg. 20]. However, the issue is that the District Court omitted these crucial documents from its review, did not credit or even reference them in the Order to reach its conclusion, and/or it made its own "off-the-record" valuation/credibility determination of which evidence holds more "weight", despite also admitting that there was possible "control" by Nissan. [DE-194, pg. 4; DE-24*, pgs. 31-32]. Therefore, similar to the *Moore* matter, since the Order itself is devoid of any inference to these critical documents, this Court cannot readily evaluate whether the relevant evidence raised a genuine issue of material fact because the District Court o*mitted from its opinion any reference whatsoever to certain evidence*.

Nissan attempts to differentiate *Moore v. GEICO Gen. Ins. Co.*, 633 Fed. Appx. 924, 927 (11th Cir. 2016) and *Dugandzic v. Nike, Inc.*, (807 Fed. Appx. 971,

977 (11th Cir. 2020) by alleging that these cases did not directly address joint employment. [DE-32*, pg. 19]. However, both *Moore* and *Dugandzic* focus on Motion for Summary Judgment reversals and the District Court's failure to evaluate all evidence in the record and the improper weighing of evidence.

Nissan attempts to differentiate itself from *Moore* by alleging in a conclusory fashion that the District Court "repeatedly and expressly considered Plaintiffs' evidence and never refused to credit it as true." [DE-32*, pg. 20]. However, the District Court's Order suggests otherwise. In *Moore*, this Court reversed because it notated that the District Court did not consider all the evidence and completely discounted it. *Moore*, 633 Fed. Appx. At 927. Unfortunately, the District Court did the same here. The District Court completely omitted analysis or reference to the documents as evidence.

Nissan differentiates this case from *Dugandzic* by alleging that the District Court here "never dismissed or rejected any evidence." [DE-32*, pg. 27]. In *Dugandzic*, the District Court erred when it did not consider all evidence from the nonmoving party and the totality of circumstances. *Dugandzic*, 807 Fed. Appx. at 976-77. Here, not only did the Court completely disregard the APRM and Dealer Agreement (or according to Nissan, evaluated them by only citing to five (5) pages of the Technicians' Motions), but it discounted and omitted

written declarations from two (2) named Plaintiffs, various Technical Bulletins, and Nissan's advertisements. [DE-169-1, DE-169-2; DE-153-4; DE-153-7].

By omitting key evidence, the District Court essentially weighed the evidence on its own, without allowing the Technicians a fair opportunity before the trier of fact, as required. Nissan alleges that the District Court weighed the factors and not the evidence. [DE-32*, pg. 20]. However, the issue is not that District Court "weighed" the joint employment *factors*. The error is that it did so by inappropriately weighing evidence, omitted information or analysis as to disputed/non-disputed facts, and completely disregarded critical evidence. And, should the Court have found the APRM and Dealership Agreement (among other things) "unavailing" as Nissan suggests, then the Court weighed that evidence as "ineffective" - the function of a jury. Therefore, the District Court committed reversible error by inappropriately weighing key evidence and the case must be remanded for further proceedings so that it may all be reviewed and properly evaluated.

## B.  THE DISTRICT COURT ERRED BY GRANTING SUMMARY JUDGMENT ON THE UNJUST ENRICHMENT CLAIM.

Nissan then alleges that the Technicians did not preserve their Unjust Enrichment claim for appeal. [DE-32*, pg. 38]. Nissan seems to base this argument on the fact that the Technicians addressed this issue in a footnote,

which Nissan considers to be a "passing reference." [DE-32*, pg. 38]. It is well-established that to preserve a claim, argument, theory, or defense on appeal, the party must first clearly present it to the district court in such a way as to afford the district court an opportunity to recognize and rule on it. *Juris v. Inamed Corp.*, 685 F.3d 1294, 1324 (11th Cir. 2012). Further, while new claims or issues may not be raised for the first time on appeal, a party may take a "new approach". *Bradshaw v. Reliance Std. Life Ins. Co.*, 707 Fed. Appx. 599, 605 (11th Cir. 2017). Here, the Technicians did not raise the Unjust Enrichment issue for the first time in their Brief; the Technicians thoroughly dissected this issue in their Response in Opposition to Nissan's Renewed Motion for Summary Judgment. *See* [DE-169, pgs. 19-20]. Indeed, the District Court itself recognized the same and acknowledged this issue in a footnote. [DE-194, pg. 9]. Thus, this issue was properly preserved.

Similarly, Nissan is incorrect in its argument that Nissan never directly conferred any benefits from the Technicians. The Technicians have maintained that benefits were conferred upon Nissan when the Technicians were obligated to purchase necessary tools to comply with Nissan's required warranty work protocols—a direct benefit upon Nissan from which it failed to compensate for the services rendered. [DE-40, ¶¶ 169-175, 182, 191; DE-153-5, pgs. 23-24; DE-

153-6, pgs. 7-11]. Further, Nissan attempts to portray that only its dealerships benefitted from the Technicians' work. However, it is Nissan itself that required that only its Technicians work on its vehicles and indeed advertised the same to the public. [DE-153-5, pgs. 27-29, 54, 100-101; DE-153-4, pgs. 30, 66, 68, DE-169-1]. Therefore, the District Court committed reversible error and this case must be remanded for further proceedings.

## C. THE DISTRICT COURT ERRED WHEN IT DENIED THE TECHNICIANS' MOTIONS FOR CLASS CERTIFICATION IN A SINGLE FOOTNOTE WITHOUT A SEPARATE ANALYSIS.

Nissan alleges that the District Court was justified in denying the Technicians' two Motions for Class Certification in its five (5) sentence footnote[5]. According to Nissan, the Court was justified because the "similarly situated" and "commonality" inquiries for Class Certification are similar to the joint employment analysis. [DE-32*, pg. 40]. However, as the Technicians highlighted in their Opening Brief, the fact that these two frameworks are similar does not excuse the Court from providing an analysis. [DE-24*, pg. 41]. Case law maintains that *even after* a finding against Plaintiffs on the merits, the Court should have determined whether a class could be maintained and whether the Plaintiffs could represent that class, respectively. *Martinez-Mendoza v. Champion*

---

[5] Notably, one of the sentences in this footnote was simply quoting a case.

*Int'l Corp.*, 340 F.3d 1200, 1216 (11th Cir. 2003). In *Martinez-Mendoza*, this Court found:

> The court apparently thought that its decision granting Champion summary judgment on the employer issue automatically disposed of the class certification issue...The court was incorrect. The law of this circuit is to the contrary... Consequently, even after finding against plaintiffs on the merits, the court should have determined whether the class action could be maintained...
> *Id.* at 1215-16 (internal citations omitted). Similar to the District court in

*Martinez-Mendoza*, the District Court here seemingly tried to "kill two birds with one stone", relying on its joint employment finding to avoid analysis on class certification. The District Court denied the Technicians' two Class Certification Motions, consisting of fifty (50) substantive pages and even more exhibits, in a five (5) sentence footnote. [DE- 194, pg. 9]. Hence, because the District Court abused its discretion in denying the Technicians' two Class Certification Motions without a proper analysis, this matter must be remanded for further proceedings.

Ultimately, for the reasons stated above and in Technicians' Opening Brief, this Court should find in the Technicians favor and remand in full for further proceedings.

**Signature Page**

Date: October 26, 2023

/s/ *Jolynn M. Falto, Esq.*

éclat Law, P.A.

Kevin K. Ross-Andino, Esq.
Jolynn M. Falto, Esq.

*Attorneys for Plaintiff-Appellants:*
*Jose J. Ayala, Jr. and Jeff Santos,*
*on behalf of themselves and as*
*representatives of other class*
*members similarly situated*

### Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

To the best of the undersigned counsel's knowledge and ability, counsel hereby certifies the following:

1. This document complies with the word limit requirements of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,215 words and the applicable portion of the brief is within the 15-page requirement.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Word in Calisto MT 14-point font.

*/s/ Jolynn M. Falto*
Jolynn M. Falto, Esq.

**Certificate of Service**

I HEREBY CERTIFY that on October 25, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF. I further certify that on October 26, 2023, seven (7) physical copies will be mailed to the Clerk of the Court via third-party commercial carrier for delivery within three (3) days.

*/s/ Jolynn M. Falto*
Jolynn M. Falto, Esq.